**Scott E. Davis, OSB# 022883**
Email: scott.davis@klarquist.com
**Todd M. Siegel, OSB# 001049**
Email: todd.siegel@klarquist.com
**Samuel B. Thacker, OSB# 194636**
Email: samuel.thacker@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

*Attorneys for Plaintiff*
Barreto Manufacturing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **BARRETO MANUFACTURING, INC.,** *an Oregon corporation,* <br><br> Plaintiff, <br><br> v. <br><br> **THE TORO COMPANY,** *a Delaware corporation,* <br><br> Defendant. | Civil Case No.: 25-cv-2285 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant The Toro Company ("Toro" or "Defendant"), Plaintiff

Barreto Manufacturing, Inc. ("Barreto" or "Plaintiff"), through its attorneys, alleges as follows:

**NATURE OF THE ACTION**

1.      This action is based on the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and

2202. By this action, Barreto seeks a declaratory judgment of patent non-infringement and

invalidity under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and other relief

declaring the rights and other legal relations of the parties, as set forth below.

COMPLAINT FOR DECLARATORY JUDGMENT                                                          1

## PARTIES

2.      Plaintiff Barreto is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 66498 Oregon Hwy 203, La Grande, Oregon 97850.

3.      On information and belief, Toro is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 8111 Lyndale Avenue South, Bloomington, Minnesota 55420.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over the subject matter of this action pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning declaratory judgment actions relating to patents, 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over Toro because Toro has purposely availed itself of the laws of the State of Oregon by, *inter alia*: promoting its products and services in Oregon through direct and indirect marketing and by maintaining an interactive website designed to solicit customers from Oregon; directing communications to Barreto in Oregon threatening to assert patent infringement claims against Barreto, demanding that Barreto cease and desist from making and selling the Barreto Model 30SG and 37SG stump grinder products ("Accused Products") in Oregon and elsewhere, and on information and belief, shipping products, including at least the Toro STX-26 Stump Grinder and Toro STX-38 Stump Grinder that Toro asserts practice the Disputed Patents identified herein, to dealers, distributors, retailers and/or end users in Oregon.

6.      The Disputed Patents referred to herein include: U.S. Patent No. 10,292,341 (attached hereto as Exhibit A); U.S. Patent No. 11,109,542 (attached hereto as Exhibit B), and U.S.

Patent No. 11,672,210 (attached hereto as Exhibit C). Each Disputed Patent is entitled "*Stump Grinder with Laterally Offset Grinding Arm Operated by Single Joystick.* Upon information and belief, Toro is the assignee of each of the Disputed Patents. The United States Patent and Trademark Office issued U.S. Patent No. 10,292,341 (the '341 Patent) on May 21, 2019; issued U.S. Patent No. 11,109,542 (the '542 Patent) on September 7, 2021; and issued U.S. Patent No. 11,672,210 (the '210 Patent) on June 13, 2023.

7.      On information and belief, at all relevant times, Toro has engaged in business relationships with dealers, distributors, and/or retailers in Oregon for the purpose of advertising, marketing, selling, and/or renting Toro products including but not limited to the Toro STX-26 Stump Grinder and STX-38 Stump Grinder, and further that at least some of such dealers, distributors, and/or retailers in Oregon display Toro's logos and other advertising information on the outside of their buildings in Oregon.

8.      Stark Street Lawn and Garden Beaverton, an outdoor power equipment dealer located at 10101 SW Arctic Drive, Beaverton, Oregon, has a Toro logo has prominently displayed alongside its own logo on the outside of its building and visible from the street.

9.      Turf Star of Western Sherwood, an outdoor power equipment dealer located at 1750 Salem Industrial Drive NE, Salem, Oregon, has similarly displayed prominent Toro signage next to its own logo on its building.

10.     Toro is registered to do business in Oregon. (See Exhibit D.)

11.     Toro has "a strategic retail partnership" with Lowe's Companies, Inc. and sells its products "at all Lowe's stores nationwide …," and purports to have a "global presence [which] extends to more than 125 countries …" (See Exhibit E; Exhibit F.)

COMPLAINT FOR DECLARATORY JUDGMENT                                               3

12.    On information and belief, Toro has licensed at least some of the Disputed Patents identified herein for sale, rental, and/or use of practicing products in Oregon.

13.    On information and belief Vermeer Corporation licensed and marks (at least virtually) its SC30TX stump cutter with Disputed Patents 10,292,341 and 11,109,542.

14.    On information and belief, Vermeer Corporation's licensed SC30TX stump cutter is available with authorization by Toro for sale, rental, and/or use at multiple physical Vermeer Equipment Dealer locations in Oregon, including at least at 4108 West 11th Ave. in Eugene, Oregon, 78200 Highway 207 in Hermiston, Oregon and 7640 Northeast 33rd Drive in Portland, Oregon.

15.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and in this Division under Local Rule 3-2.

## FACTUAL BACKGROUND

16.    On December 4, 2024, Toro's counsel sent a letter addressed to Barreto Manufacturing, Inc. in La Grande, Oregon alleging that Barreto's Model 30SG and 37SG stump grinder products allegedly "infringes at least claim 1 of the '341, the '210 and the '542 Patents." The letter went on to demand that Barreto pay or "immediately discontinue" the allegedly "infringing Model 30SG and 37SG stump grinders." A true and correct copy of that letter is attached hereto as Exhibit G.

17.    Barreto retained the Klarquist law firm in Portland, Oregon who substantively responded to Toro's December 4 letter on January 23, 2025. That January 23 letter noted Toro's "letter to Barreto fails to include any specifics as to why Toro contends the identified Barreto products allegedly infringe the identified patent claims. Please provide a claim chart or mapping

so that Barreto can understand the basis for Toro's allegations." That letter also further requested that "Toro elaborate on how it contends the [patent] claims relate to any Barreto products."

18.    On January 29, 2025, Toro's counsel responded with a letter dismissing the points Barreto raised, while refusing to provide claim charts or any other information showing how Toro contends certain requirements of the disputed patent claims could be met by Barreto products.

19.    The only "evidence" Toro provided was a photograph copied from a third party's website, www.gardenland.com, showing a portion of a discontinued Barreto product manufactured before the Disputed Patents issued, and compared that to a figure in the Disputed Patents rather than any patent claim.

20.    On February 7, 2025, Barreto's counsel sent a letter responding to Toro's January 29 letter, providing further reasons why claims of the Disputed Patents are invalid and/or not infringed by the Accused Products.

21.    Barreto repeated its request that Toro provide the basis for its infringement accusations: "Please provide claim charts and supporting evidence for each accused product so that we can engage in a meaningful discussion of issues."

22.    Barreto's February 7 letter also explained that in view of Toro's interpretation of the bearing configuration claimed by the '341 Patent, Toro's own prior art stump grinder attachment, Model 22429, would render the patent invalid.

23.    Barreto's February 7 letter further explained that the identified claims of the '542 Patent and '210 Patent are anticipated by and therefore invalid in view of prior art Australian Patent No. AU685,909.

24.    On April 11, 2025, Toro's counsel sent Barreto's counsel another letter, identifying different claims in the '542 Patent and '210 Patent not previously asserted.

COMPLAINT FOR DECLARATORY JUDGMENT                                                      5

25.     Presumably Toro recognized that Australian Patent No. AU685,909 proves invalidity of claim 1 of the '542 Patent and claim 1 of the '210 Patent.

26.     Toro's April 11 letter further failed to provide evidence or claim chart to support its allegations of infringement of any claim of any Disputed Patent.

27.     With regard to the '341 Patent, Toro relied on an excerpt of a Barreto schematic dated October 9, 2013, and copied from another third-party website, www.aaarentall.com.

28.     Besides being dated over five years before the '341 Patent issued, the schematic for a discontinued product on which Toro relied fails to provide any evidence sufficient to allege infringement of the '341 Patent at least because the schematic does not show how the motor is connected (the patent claim requires that the motor housing be "secured to an exterior surface of the first side wall of the grinding arm") or how the cutter wheel is supported on the motor side (the patent claim requires that "a pair of radial bearings internally mounted within the motor housing" provide support for the grinding wheel).

29.     On April 23, 2025, Barreto's counsel responded with a letter providing additional non-infringement and invalidity evidence. Barreto also noted that Toro's continued refusal to provide the basis for its infringement allegations despite Barreto's requests may cross the line to unlawful bad faith patent assertion pursuant to ORS 646A.810.

30.     On July 1, 2025, Toro sent another letter to Barreto, but continued to refuse to provide claim charts setting forth its infringement theories.

31.     Toro's July 1 letter stated that it "is premature" to insist on claim charts and that Toro has "no obligation to provide claim charts at this stage …"

32.     Barreto responded to Toro's July 1 letter on July 15, 2025.

COMPLAINT FOR DECLARATORY JUDGMENT                                                    6

33.    Barreto's July 15 letter detailed the differences in the Barreto design from the Toro design, which relies on a single bearing outside the motor housing requiring the motor to fully support the full radial load of the grinding wheel on the motor side.

34.    Barreto's July 15 letter explained that the Barreto design differs in that it relies on two bearings outside the motor housing that function to support the entire radial load of the grinding wheel, thus allowing for a lighter-duty motor to be used.

35.    Barreto's July 15 letter further explained that Toro's attempted distinction of claim 10 of the '542 Patent over the Australian patent prior art was unfounded because it ignored dimension disclosures in that prior art patent.

36.    Barreto's July 15 letter also explained that Toro's justification for interpreting the '210 Patent claims to encompass one-degree of freedom control levers for moving the grinding arm relative to the frame was contrary to the facts and law since all patent applications in the Toro patent family at issue discloses only two-degree of freedom control levers as being part of the alleged invention.

37.    In view of at least the above-referenced correspondence, and that Toro has not withdrawn its demand that Barreto cease-and-desist manufacturing and selling the Accused Products, there remains a dispute between Barreto and Toro as to non-infringement and invalidity of the claims of the Disputed Patents. Barreto has reasonable apprehension that but for this action Toro could file an action against Barreto and (wrongly) allege that Barreto has directly and/or indirectly infringed the Disputed Patents by making, using, selling and/or offering for sale certain Barreto stump grinders. None of Barreto, Barreto's stump grinders or Barreto's customers using, offering or selling Barreto stump grinders have infringed, directly or indirectly, any valid claim in any of the Disputed Patents. In view of Toro's longstanding and ongoing threats alleging

COMPLAINT FOR DECLARATORY JUDGMENT                                                      7

infringement of the Disputed Patents, by way of the correspondence described above and other recent more recent communications, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## THE DISPUTED PATENTS' LATERALLY OFFSET GRINDING ARM

38.    As noted above, each Disputed Patent is titled "Stump Grinder With Laterally Offset Grinding Arm Operated By Single Joystick."

39.    The '341 Patent issued from U.S. Patent Application No. 14/847,477, filed on September 8, 2015. The '542 Patent issued from U.S. Patent Application No. 16/406,661, filed on May 8, 2019. The '542 Patent claims priority to the '477 Application. The '210 Patent issued from U.S. Patent Application No. 17/407,650, filed on August 20, 2021. The '210 Patent claims priority to U.S. Patent Application No. 16/406,661, U.S. Patent Application No. 14/847,477, and U.S. Patent Application No. 12/987,797, filed on January 10, 2011 (hereafter referred to as the "Priority Applications").

40.    Each of the Disputed Patents and each of the Priority Applications discloses a single embodiment, which is depicted in Figure 1 of each patent.

41.    The only "grinding arm" disclosed in the Disputed Patents and the Priority Applications is laterally offset relative to the stump grinder frame and consistent with the laterally offset "grinding arm" depicted in Figure 1. Indeed, each reference to a "grinding arm" in the "Detailed Description" section is to "grinding arm 14," which is the same laterally offset "grinding arm 14" shown in Figure 1. A person having ordinary skill in the art would thus understand that the claimed "grinding arm" must be laterally offset so as to provide the touted benefit regarding the operator's line of sight.

COMPLAINT FOR DECLARATORY JUDGMENT                                                      8

42.    The Abstract of each of the Disputed Patents and each of the Priority Applications recites "[a] stump grinder has a grinding arm … The grinding arm is laterally offset on the frame of the stump grinder to have a swing angle that is not symmetrical relative to the width of the frame, but with the swing angle starting at one side of the frame and then traversing across substantially the entire width of the frame to improve the ability of the operator to see the grinding wheel."

43.    The '477 Application was filed with a single claim directed to a stump grinder requiring, among other things, "a frame," "a rotatable grinding wheel," and "a grinding arm" that "is laterally offset relative to the frame."

44.    No Priority Application discloses a stump grinder embodiment having a grinding arm that is not laterally offset relative to the frame.

45.    In its July 1, 2025 correspondence, Toro at least implicitly asserted that claim 10 of the '542 Patent should be interpreted consistent with column 7, lines 24-37 of the '542 Patent. This passage provides because of "[t]he offset nature of grinding arm 14" and that "grinding wheel 54 can now traverse or swing from the extreme left side of frame 4 in a large arc extending in front of frame 4 and across substantially the entire width of frame 4 without being obstructed by rear section 16 of grinding arm 14, which remains in place on the left side of frame 4 out of the line of vision of the operator. This allows the operator to better see and place grinding wheel 54 at a desired location on the stump or other debris that is being ground down."

## COUNT I
### (Declaratory Judgment of Non-Infringement Regarding U.S. Patent No. 10,292,341)

46.    Barreto re-alleges the foregoing paragraphs 1–45 as if fully set forth here.

47.    An actual controversy has arisen and now exists between the parties as to the non-infringement of the '341 Patent. To the extent that the sole claim (claim 1) of the '341 Patent is

valid, Barreto has not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of claim 1 of the '341 Patent.

48.     For example, the Accused Products lack at least "a motor having a housing secured to an *exterior* surface of the first side wall of the grinding arm such that the motor housing is located laterally outside of the space between the first and second sidewalls of the grinding arm" as that claim element is properly construed.

49.     Nor do the Accused Products use an equivalent of that claim element.

50.     The Accused Products use a motor whose housing is bolted directly to a bearing housing, which bearing housing in turn is bolted to the *interior* surface of a side wall of the cutter arm.

51.     The Accused Products also lack at least a "motor having a pair of radial bearings internally mounted within the motor housing for directly supporting the drive shaft of the motor and thus for indirectly supporting the grinding wheel from the first side of the grinding wheel" as that claim element is properly construed.

52.     Nor do the Accused Products use an equivalent of that claim element.

53.     On information and belief, Toro intentionally chose in the '341 Patent a design that eliminates the need for an additional bearing outside the motor housing but that requires a motor able to fully support the radial loads from the grinding wheel on the motor side.

54.     On the other hand, Barreto's design includes a first and second bearing outside the motor housing, one on each side of the grinding wheel that function to support the entire radial loads from the grinding wheel, thereby eliminating that load from the motor and allowing for a lighter-duty motor to be used.

COMPLAINT FOR DECLARATORY JUDGMENT                                                        10

55.    As such, the '341 Patent's motor serves a different radial-load-bearing function than Barreto's non-radial-load-bearing motor. Barreto's design and the '341 Patent's configuration support their respective grinding wheels in different ways to achieve different results.

56.    Additionally, a person having ordinary skill in the art would understand that the claimed "grinding arm" must be laterally offset so as to provide the touted benefit regarding the operator's line of sight.

57.    The accused Barreto products lack a "grinding arm" as properly construed.

58.    Nor do the accused Barreto products use an equivalent of that claim element.

59.    Barreto has also not induced infringement of others or engaged in contributory infringement as those terms are used in the Patent Act.

60.    To the extent that claim 1 of the '341 Patent is valid, Barreto has not infringed literally or under the doctrine if equivalents, directly or indirectly, claim 1 of the '341 Patent, and Barreto cannot otherwise be found liable for infringement of claim 1 of the '341 Patent.

61.    Toro's patent infringement allegations regarding the '341 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Barreto that cannot adequately be quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

62.    Barreto is entitled to a declaratory judgment adjudicating that claim 1 of the '341 Patent is not infringed by Barreto and enjoining Toro from continuing its patent assertion campaign against Barreto in Oregon and elsewhere for the foregoing non-limiting reasons, among others.

63.    An actual case or controversy exists between Barreto and Toro based on Toro's wrongful assertion of patent infringement against Barreto, forming a justiciable controversy between the parties that is ripe for determination as to the '341 Patent.

## COUNT II
### (Declaratory Judgment of Invalidity of U.S. Patent No. 10,292,341)

64.     Barreto re-alleges the foregoing paragraphs 1–63 as if fully set forth here.

65.     An actual controversy has arisen and now exists between the parties as to the validity of the claims of the '341 Patent.

66.     Claim 1 of the '341 Patent is invalid under Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

67.     For example, claim 1 of the '341 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in light of prior art, including prior art that was not considered by the U.S. Patent and Trademark Office during the prosecution of the '341 Patent. Such prior art includes Bobcat mini track loaders with a Bobcat SG30 stump grinder attachment, Toro's Dingo TX425 loader with a Toro model 22429 or Bobcat stump grinder attachment and prior art Barreto products.

68.     Attached as Exhibit H is a true and correct copy of Toro marketing material titled Toro® Dingo® Compact Utility Loaders, which was publicly accessible via Toro's website on or about November 10, 2006.

69.     Exhibit H explains that the Toro® Dingo® Compact Utility Loaders are designed to work with more than 35 attachments that fit the front of the Dingo machine, and further that "[t]he attachments are easy to operate, delivering clear sight lines, excellent operator mobility, plus easy on and off – typically in seconds."

70.     Page 13 of Exhibit H includes a picture of a "Stump Grinder" in operation:



*Stump Grinder*
- *Index position of blade adjusts up to 30°, allowing easy removal of roots.*
- *Cuts up to 36" above and 16.5" below grade.*
- *Wheel diameter: 17"; Teeth count: 12 carbide tipped, Wheel speed: 2000 rpm; Tooth tip speed: 145 ft/sec.*
- *Width: 44" with debris shield; Length: 20"; Height: 31"; Weight: 265 lbs.*

71.     By way of another example, claim 1 of the '341 Patent is invalid for failure to meet the requirements of 35 U.S.C. § 112. For example, the specification lacks sufficient detail to allow one skilled in the art to conclude that the applicant(s) had possession of the claimed subject matter to the extent the claimed subject matter encompasses a stump grinder in which the grinding arm is not laterally offset relative to the frame and, on information and belief, the applicant(s) did not regard that as the alleged invention. The claims fail to particularly point out and/or distinctly claim the claimed subject matter, thereby not precisely informing those of skill in the art of the boundaries of the protected subject matter.

72.     The specification lacks sufficient detail to allow one skilled in the art to conclude that the applicant(s) had possession of the claimed subject matter to the extent the claimed subject matter encompasses a stump grinder in which the grinding arm is not laterally offset relative to the frame.

COMPLAINT FOR DECLARATORY JUDGMENT                                          13

73.     Each claim of the '341 Patent lacks adequate written description support in the '477 Application for the full scope of the claimed subject matter and therefore is not entitled to the priority date of the '477 Application. U.S. Published Patent Application No. 2012/0175018 is therefore prior art rendering each claim of the '341 Patent invalid under 35 U.S.C. §§ 102 and/or 103.

74.     On information and belief, Toro will not dispute that the '341 Patent is invalid if U.S. Published Patent Application No. 2012/0175018 or an Accused Product is deemed to be prior art to the '341 Patent.

75.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Barreto is entitled to a declaratory judgment that the asserted claim of the '341 Patent is invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, §§ 102, 103, and/or 112.

## COUNT III
### (Declaratory Judgment of Non-Infringement Regarding U.S. Patent No. 11,109,542)

76.     Barreto re-alleges the foregoing paragraphs 1–75 as if fully set forth here.

77.     An actual controversy has arisen and now exists between the parties as to the non-infringement of the '542 Patent. To the extent any claim of the '542 Patent is valid, Barreto has not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any claim of the '542 Patent, including claims 1 and 10 identified in Toro's correspondence.

78.     For example, a person having ordinary skill in the art would understand that the claimed "grinding arm" must be laterally offset so as to provide the touted benefit regarding the operator's line of sight. The accused Barreto products lack a "grinding arm" as properly construed to be offset. Nor do the accused Barreto products use an equivalent of that claim element.

COMPLAINT FOR DECLARATORY JUDGMENT                                              14

79.     Barreto has also not induced infringement of others or engaged in contributory infringement as those terms are used in the Patent Act.

80.     To the extent that any claim of the '542 Patent is valid, Barreto has not infringed literally or under the doctrine of equivalents, or directly or indirectly, the '542 Patent, and Barreto cannot otherwise be found liable for infringement of the '542 Patent.

81.     Toro's patent infringement allegations regarding the '542 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Barreto that cannot adequately be quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

82.     Barreto is entitled to declaratory judgment adjudicating that no claim of the '542 Patent is infringed by Barreto and enjoining Toro from continuing its patent assertion campaign against Barreto in Oregon and elsewhere for the foregoing non-limiting reasons, among others.

83.     An actual case or controversy exists between Barreto and Toro based on Toro's wrongful assertion of patent infringement against Barreto, forming a justiciable controversy between the parties that is ripe for determination as to the '542 Patent.

## COUNT IV
### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,109,542)

84.     Barreto re-alleges the foregoing paragraphs 1–83 as if fully set forth here.

85.     An actual controversy has arisen and now exists between the parties as to the validity of the claims of the '542 Patent.

86.     One or more claims of the '542 Patent is invalid under Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

COMPLAINT FOR DECLARATORY JUDGMENT                                        15

87.    For example, one or more of the claims of the '542 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in light of prior art, including prior art that was not considered by the U.S. Patent and Trademark Office during the prosecution of the '542 Patent. Such prior art includes at least Australian Patent No. AU685,909, Bobcat mini track loaders with a Bobcat SG30 stump grinder attachment, and Toro's Dingo TX425 loader with a Toro model 22429 or Bobcat stump grinder attachment.

88.    By way of another example, one or more of the claims of the '542 Patent is invalid for failure to meet the requirements of 35 U.S.C. § 112. For example, the specification lacks sufficient detail to allow one skilled in the art to conclude that the applicant(s) had possession of the claimed subject matter to the extent the claimed subject matter encompasses a stump grinder in which the grinding arm is not laterally offset relative to the frame and, on information and belief, the applicant(s) did not regard that as the alleged invention. The claims fail to particularly point out and/or distinctly claim the claimed subject matter, thereby not precisely informing those of skill in the art of the boundaries of the protected subject matter.

89.    The specification lacks sufficient detail to allow one skilled in the art to conclude that the applicant(s) had possession of the claimed subject matter to the extent the claimed subject matter encompasses a stump grinder in which the grinding arm is not laterally offset relative to the frame.

90.    Each claim of the '542 Patent lacks adequate written description support in the '477 Application for the full scope of the claimed subject matter and therefore is not entitled to the priority date of the '477 Application. U.S. Published Patent Application No. 2012/0175018 is therefore prior art rendering each claim of the '542 Patent invalid under 35 U.S.C. §§ 102 and/or 103.

COMPLAINT FOR DECLARATORY JUDGMENT                                          16

91.    On information and belief, Toro will not dispute that the claims of the '542 Patent are invalid if U.S. Published Patent Application No. 2012/0175018 or an Accused Product is deemed to be prior art to the claims of the '542 Patent.

92.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Barreto is entitled to a declaratory judgment that the asserted claim(s) of the '542 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, §§ 102, 103, and/or 112.

**COUNT V**
**(Declaratory Judgment of Non-Infringement Regarding U.S. Patent No. 11,672,210)**

93.    Barreto re-alleges the foregoing paragraphs 1–92 as if fully set forth here.

94.    An actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of the '210 Patent. To the extent that any claim of the '210 Patent is valid, Barreto has not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any such claims of the '210 Patent.

95.    For example, a person having ordinary skill in the art would thus understand that the claimed "grinding arm" must be laterally offset so as to provide the touted benefit regarding the operator's line of sight. The accused Barreto products lack a "grinding arm" as properly construed to be offset. Nor do the accused Barreto products use an equivalent of that claim element.

96.    Additionally, each of the claims of the '210 Patent requires "hand operated controls … for moving the grinding arm relative to the frame."

97.    A person having ordinary skill in the art would understand that the only hand operated controls for moving the grinding arm relative to the frame disclosed as being part of the alleged invention in the '210 Patent are limited to joysticks that operate in two-degrees-of-freedom; i.e., a "single joystick is movable in orthogonal directions corresponding to desired up

COMPLAINT FOR DECLARATORY JUDGMENT                                                    17

and down and side-to-side pivoting motions of the grinding arm." *See, e.g., id.* at Abstract. Thus, as properly construed, the Accused Products lack the claimed hand operated control for moving the grinding arm relative to the frame. Nor do the Accused Products use an equivalent of that claim element.

98.     Barreto has also not induced infringement of others or engaged in contributory infringement as those terms are used in the Patent Act.

99.     To the extent that any claim of the '210 Patent is valid, Barreto has not infringed literally or under the doctrine of equivalents, or directly or indirectly, any claims of the '210 Patent, and Barreto cannot otherwise be found liable for infringement of the '210 Patent.

100.    Toro's patent infringement allegations regarding the '210 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Barreto that cannot adequately be quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

101.    Barreto is entitled to declaratory judgment adjudicating that no claim of the '210 Patent is infringed by Barreto and enjoining Toro from continuing its patent assertion campaign against Barreto in Oregon and elsewhere for the foregoing non-limiting reasons, among others.

102.    An actual case or controversy exists between Barreto and Toro based on Toro's wrongful assertion of patent infringement against Barreto, forming a justiciable controversy between the parties that is ripe for determination as to the '210 Patent.

## COUNT VI
### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,672,210)

103.    Barreto re-alleges the foregoing paragraphs 1–102 as if fully set forth here.

104.    An actual controversy has arisen and now exists between the parties as to the validity of the claims of the '210 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT                                                        18

105.    One or more claims of the '210 Patent is invalid under Title 35 of the United States Code, including without limitation §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

106.    For example, one or more of the claims of the '210 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in light of prior art, including prior art that was not considered by the U.S. Patent and Trademark Office during the prosecution of the '210 Patent. Such prior art includes at least Australian Patent No. AU685,909, Bobcat mini track loaders with a Bobcat SG30 stump grinder attachment, U.S. Pat. No. 5,566,586, Toro's Dingo TX425 loader with a Toro model 22429 or Bobcat stump grinder attachment and controls for equipment such as Sure Grip Controls "S" Series.

107.    By way of another example, one or more of the claims of the '210 Patent is invalid for failure to meet the requirements of 35 U.S.C. § 112. For example, the specification lacks sufficient detail to allow one skilled in the art to conclude that the applicant(s) had possession of the full scope of the claimed subject matter, fails to enable one skilled in the art to make and use the full scope of the claimed subject matter and, on information and belief, the applicant(s) did not regard the full scope of the claimed subject matter as the alleged invention. The claims fail to particularly point out and/or distinctly claim the claimed subject matter, thereby not precisely informing those of skill in the art of the boundaries of the protected subject matter.

108.    The specification lacks sufficient detail to allow one skilled in the art to conclude that the applicant(s) had possession of the claimed subject matter to the extent the claimed subject matter encompasses a stump grinder in which the grinding arm is not laterally offset relative to the frame.

109.    Each claim of the '210 Patent lacks adequate written description support in the '477 Application for the full scope of the claimed subject matter and therefore is not entitled to the priority date of the '477 Application. U.S. Published Patent Application No. 2012/0175018 is therefore prior art rendering each claim of the '210 Patent invalid under 35 U.S.C. §§ 102 and/or 103.

110.    None of the Priority Applications recites "hand operated controls."

111.    Each of the Priority Applications describes a "single joystick" that controls the up and down and side-to-side pivoting of the grinding arm.

112.    None of the Priority Applications expressly discloses a joystick that does not control both the "up and down" and the "side-to-side pivoting of the grinding arm."

113.    None of the Priority Applications describes as being part of the alleged invention a "hand operated control" for operation of a grinding arm that does not control both the "up and down" and the "side-to-side pivoting of the grinding arm."

114.    A person having ordinary skill in the art would understand that a "single joystick [that] is movable in orthogonal directions corresponding to desired up and down and side-to-side pivoting motions of the grinding arm" moves in two degrees-of-freedom.

115.    Each Priority Application discloses a joystick that moves in two degrees-of-freedom.

116.    A person having ordinary skill in the art would understand that a single joystick that is movable only side-to-side or only fore-and-aft moves in one degree-of-freedom.

117.    No Priority Application describes as being part of the alleged invention a joystick for operation of the grinding arm where that joystick has only one degree-of-freedom to be able to move fore-and-aft or side-to-side.

COMPLAINT FOR DECLARATORY JUDGMENT                                              20

118.    None of the Priority Applications describes a "hand operated control" that is movable in only a side-to-side or a fore-and-aft direction for moving the grinding arm relative to the frame where that "hand operated control" also includes a depressible button.

119.    None of the Priority Applications discloses a "hand operated control" that includes both a depressible trigger and a depressible button and wherein the "hand operated control" is movable only in a side-to-side or in a fore-and-aft direction.

120.    Priority Applications, including the application published as US 2012/0175018 A1, do show a joystick **80** that is "pivotally mounted in any suitable manner in frame **4** for movement in a longitudinal fore-and-aft direction as indicated by the arrows E and F in FIG. 2" where the "pivotal mounting of joystick **80** also permits movement of joystick **80** in a lateral side-to-side direction as indicated by the arrows G and H in FIG. 2."

121.    An excerpt of FIG. 2 in US 2012/0175018 A1 is reproduced below:



122.    No Priority Application mentions that joystick 80 shown above could be configured to permit movement only in a longitudinal fore-and-aft direction as indicated by the arrows E and F in FIG. 2 of US 2012/0175018 A1.

COMPLAINT FOR DECLARATORY JUDGMENT                                    21

123.    No Priority Application mentions that joystick 80 shown above could be configured to permit movement of joystick 80 only in a lateral side-to-side direction as indicated by the arrows G and H in FIG. 2 of US 2012/0175018 A1.

124.    None of the Priority Applications discloses a "hand operated control" that has only one degree-of-freedom and includes a depressible button.

125.    None of the Priority Applications mentions a "hand operated control" for moving a grinding arm relative to a frame that has only one degree-of-freedom and includes a depressible trigger.

126.    None of the Priority Applications mentions a "hand operated control" that has only one degree-of-freedom and includes both a depressible button and a depressible trigger.

127.    None of the Priority Applications discloses a "hand operated control" for moving the grinding arm relative to the frame where that "hand operated control" includes a depressible button and is movable only side-to-side or fore-and-aft.

128.    None of the Priority Applications mentions a joystick or other hand operated control that includes both a depressible trigger and a depressible button where the joystick or other hand operated control is movable only side-to-side but not fore-and-aft.

129.    None of the Priority Applications discloses a joystick that has only one degree-of-freedom and includes a depressible button.

130.    None of the Priority Applications discloses a joystick that has only one degree-of-freedom and includes a depressible trigger.

131.    None of the Priority Applications mentions a joystick that has only one degree-of-freedom and includes both a depressible button and a depressible trigger.

132.    Accused Products have included a grinding control lever that includes both a depressible trigger and a depressible button where the grinding control lever is movable side-to-side but not fore-and-aft.

133.    On information and belief, an example is shown below of a control lever that includes both a depressible trigger and a depressible button, where the control lever is movable side-to-side but not fore-and-aft, which Toro wrongfully alleges infringes:



4. CUTTER WHEEL CONTROL: To start the cutter wheel, hold down the thumb button on the control handle. Then pull the trigger back. After the wheel is started, **the thumb button can be released**, but the trigger must be held to keep the cutter wheel turned on. To raise the cutter head, pull the cutter height control bar back. To lower the cutter head, push the cutter height control bar forward. The cutter head swings to the left and right by moving the control lever left or right.

134.    Toro contends that claims 7, 8, 11 and 12 of the '210 Patent claim a stump grinder, which comprises a "hand operated control" that includes both a depressible trigger and a depressible button and wherein the "hand operated control" is movable side-to-side but not fore-and-aft relative to a frame of the stump grinder.

135.    Toro contends that claims 7, 8, 11 and 12 of the '210 Patent claim a stump grinder, which comprises a "hand operated control" that includes both a depressible trigger and a depressible button and wherein the "hand operated control" has only one degree-of-freedom.

136.    Toro contends that claims 6, 9, 10 and 13 of the '210 Patent claim a stump grinder, which comprises a "hand operated control" that includes a depressible trigger wherein the "hand operated control" is movable in only side-to-side or fore-and-aft directions.

137.    Toro contends that claims 6, 9, 10 and 13 of the '210 Patent claim a stump grinder, which comprises a "hand operated control" that includes a depressible trigger wherein the "hand operated control" has only one degree-of-freedom.

138.    Toro contends that the claims of the '210 Patent claim a stump grinder, which comprises a "hand operated control" that includes both a depressible trigger and a depressible button and wherein the "hand operated control" has only one degree-of-freedom.

139.    Toro contends that the claims of the '210 Patent include within their scope a stump grinder, which comprises a joystick that includes both a depressible trigger and a depressible button and wherein the joystick is movable side-to-side but not fore-and-aft.

140.    Toro contends that claims 7, 8, 11 and 12 of the '210 Patent claim a stump grinder, which comprises a joystick that includes both a depressible trigger and a depressible button and wherein the joystick is pivotally mounted to permit movement of the joystick in a lateral side-to-side direction but not permitting movement of the joystick in a longitudinal fore-and-aft direction relative to a frame of the stump grinder.

141.    Toro contends that claims 6, 9, 10 and 13 of the '210 Patent include within their scope a stump grinder, which comprises a joystick that includes a depressible trigger wherein the

joystick is movable side-to-side but is not movable fore-and-aft relative to a frame of the stump grinder.

142.    Toro contends that claims 6, 9, 10 and 13 of the '210 Patent include within their scope a stump grinder, which comprises a joystick that includes a depressible trigger wherein the joystick has only one degree-of-freedom.

143.    A person having ordinary skill in the art would understand that no Priority Application shows that the named inventors of the '210 Patent were in possession of a stump grinder having a joystick for moving a grinding arm relative to the frame of the stump grinder where that joystick moves in only one degree-of-freedom and that joystick also includes a depressible trigger.

144.    No Priority Application shows that in 2011 the named inventors of the '210 Patent were in possession of a stump grinder having a hand operated control for moving a grinding arm relative to a frame of the stump grinder where that hand operated control is movable side-to-side relative to the frame but is not movable fore-and-aft relative to the frame and wherein that hand operated control includes a depressible trigger.

145.    A person having ordinary skill in the art would understand that each Priority Application does not show that the named inventors of the '210 Patent were in possession of a stump grinder machine having a joystick that moves in only one degree-of-freedom wherein the joystick includes both a depressible trigger and a depressible button.

146.    No Priority Application describes as an alleged invention of the named inventors of the '210 Patent a stump grinder having a hand operated control for moving a grinding arm relative to the frame of the stump grinder where that hand operated control operates in only one

degree-of-freedom and where that hand operated control includes both a depressible trigger and a depressible button.

147.     No Priority Application describes as an alleged invention of the named inventors of the '210 Patent a stump grinder having a hand operated control for moving a grinding arm relative to the stump grinder frame where that hand operated control can move laterally side-to-side but cannot move longitudinally fore-and-aft and wherein that hand operated control includes a depressible trigger.

148.     On information and belief, the named inventors of the '210 Patent did not regard as their alleged invention a stump grinder machine having a joystick that operates in only one degree-of-freedom wherein the joystick includes both a depressible trigger and a depressible button.

149.     On information and belief, the named inventors of the '210 Patent did not regard as their alleged invention a stump grinder having a hand operated control for moving a grinding arm relative to a frame of the stump grinder where that hand operated control is capable of moving laterally side-to-side, but not longitudinally fore-and-aft, and where that hand operated control includes both a depressible trigger and a depressible button.

150.     If the '210 Patent is not entitled to the benefit of the filing date of any Priority Application then the effective filing date for the claims of the '210 Patent is no earlier than August 20, 2021.

151.     No Priority Application discloses the full scope of what is claimed in the '210 Patent in the manner provided by 35 U.S.C. § 112(a). Therefore, no claim in the '210 Patent is entitled to the benefit of the filing date of any Priority Application, thereby rendering U.S. Published Patent Application No. 2012/0175018 and Accused Products prior art to the claims of the '210 Patent.

COMPLAINT FOR DECLARATORY JUDGMENT                                                         26

152.    On information and belief, Toro will not dispute that the claims of the '210 Patent are invalid if U.S. Published Patent Application No. 2012/0175018 or an Accused Product is deemed to be prior art to the claims of the '210 Patent.

153.    Simply put, the '210 Patent, as interpreted by Toro, claims more than it or any of the Priority Applications describes, including a hand operated control that moves in only one degree of freedom and has both a button and a trigger. As the Supreme Court has held since at least the nineteenth century, a patent applicant "can lawfully claim only what he has invented and described, and if he claims more his patent is void." *O'Reilly v. Morse*, 56 U.S. 62, 121 (1853). That is one reason that the '210 Patent is invalid.

154.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Barreto is entitled to a declaratory judgment that the asserted claim(s) of the '210 Patent are invalid under Title 35 of the United States Code for failing to satisfy the requirements of, without limitation, §§ 102, 103, and/or 112.

**COUNT VII**
**(Declaratory Judgment of Limitation On Damages For Failure to Mark**
**Pursuant to 35 U.S.C. § 287(a))**

155.    Barreto re-alleges the foregoing paragraphs 1–154 as if fully set forth here.

156.    On information and belief, Toro relies on "virtual marking" of its products, directing the public to the webpage www.ttcopats.com.

157.    On information and belief, an example of a nameplate for a Toro STX-26 with such virtual marking is copied below:



158.    On information and belief, none of the numbers of the Disputed Patents, namely "10,292,341," "11,109,542," and "11,672,210" has been affixed to Toro's STX-26 product since May 21, 2019.

159.    On information and belief, none of the numbers of the Disputed Patents, namely "10,292,341," "11,109,542," and "11,672,210" has been affixed to Toro's STX-38 product since May 21, 2019.

160.    On information and belief, at all relevant times Toro's virtual marking webpage www.ttcopats.com has failed to identify any of Toro's product names or model numbers, and has failed to associate any particular patent with a specific Toro product model number or specific product name.

161.    True and correct copies of printouts of www.ttcopats.com as it existed over time between 2019 and 2025 are attached hereto as Exhibit I.

162.    Toro's virtual marking www.ttcopats.com webpage displays three columns of information: "Product Category," "Product Line," and "Patent Number." Under the "Product Category" called "Tree Care," Toro lists ten patents, including one patent purportedly related to the "Chain Saw" "Product Line," and nine patents purportedly related to the "Stump Grinder" "Product Line."

163.    The nine patents on Toro's virtual marking www.ttcopats.com webpage that purportedly relate to the "Stump Grinder" "Product Line" include: U.S. Patent No. 10,117,388,

U.S. Patent No. 10,292,341, U.S. Patent No. 10,993,389, U.S. Patent No. 11,109,542, U.S. Patent No. 11,672,210, U.S. Patent No. 11,937,555, U.S. Patent No. 12,178,164, U.S. Patent No. 9,462,759, and U.S. Patent No. 12,376,534.

164.    Toro's virtual marking ttcopats.com webpage does not list any Toro product names, model names or model numbers.

165.    Toro's virtual marking ttcopats.com webpage fails to identify which specific Toro product is, or specific Toro products are, covered by each listed patent.

166.    By failing to associate specific products with specific patents, Toro is shifting the burden to its competitors and the public generally to choose whether to (1) invest in patent analysis and market research to do what the statute expects Toro to do; (2) subject itself to risks in the marketplace by making, using, and selling products that may or may not be covered by Toro's patents; or (3) simply avoid Toro's broad categories of products regardless of whether or not the scope of the identified patents are commensurate with or practiced by Toro's products. Moreover, if accepted as a representation that every Toro product falling in each category on the virtual marking webpage practices every listed patent, that is false.

167.    On or about July 1, 2025, through counsel, Toro contended that its STX-26 and STX-38 products practice the Disputed Patents.

168.    On information and belief, Toro maintains a "Tree Care Equipment" webpage on its website at https://www.toro.com/en/professional-contractor/tree-care, which can be accessed under the "Professional Contractor" and "Rental" columns of the "Products" listing. A true and correct copy of Toro's "Tree Care Equipment" webpage is attached as Exhibit J.

169.    Toro's Tree Care Equipment webpage identifies STX Stump Grinders, SGR Stump Grinders, Stump Grinder Attachment MODEL: 22429, Log Splitter LS-922 MODEL: 22618, Trailer for the TRX Trencher and STX Stump Grinder MODEL: 22979.

170.    Toro's Tree Care Equipment webpage additionally includes a listing of the following "Models": Dingo 320-D, Dingo 323, Dingo TX 1000, Dingo TX 1000 TURBO, Dingo TX 1300, Dingo TX 427, Dingo TX 525, and Dingo TX 700.

171.    Attached as Exhibit K is a true and correct copy of Toro marketing material titled "Tree Care Equipment," which describes features of Toro's STX-38 Stump Grinder, Toro's STX-26 Stump Grinder, Toro's SGR-6 stump grinder, Toro's SGR-13 stump grinder, and Toro's LS-922 log splitter.

172.    Toro's SGR-6 and SGR-13 products are stump grinders.

173.    Toro's SGR-6 and SGR-13 products do not practice any claim of U.S. Patent No. 10,292,341.

174.    Toro's SGR-6 and SGR-13 products do not practice any claim of U.S. Patent No. 11,109,542.

175.    Toro's SGR-6 and SGR-13 products do not practice any claim of U.S. Patent No. 11,672,210.

176.    Toro's SGR-6 and SGR-13 products do not practice any claim of U.S. Patent No. 12,376,534.

177.    Toro's STX-26 Stump Grinder does not practice any claim of U.S. Pat. No. 11,937,555.

178.    Toro's STX-38 Stump Grinder does not practice any claim of U.S. Pat. No. 11,937,555.

179.    Toro's STX-26 Stump Grinder and STX-38 Stump Grinder each lacks "a power takeoff (PTO) assembly" as claimed by U.S. Patent No. 11,937,555.

180.    Toro's STX-26 Stump Grinder and STX-38 Stump Grinder each lacks "a push blade assembly" that is "rotatable" as claimed by U.S. Patent No. 11,937,555.

181.    Toro's STX-26 Stump Grinder does not practice any claim of U.S. Pat. No. 12,178,164.

182.    Toro's STX-38 Stump Grinder does not practice any claim of U.S. Pat. No. 12,178,164.

183.    Toro's STX-26 Stump Grinder and STX-38 Stump Grinder each lacks "a push blade assembly" that is "rotatable" as claimed by U.S. Patent No. 12,178,164.

184.    Toro's attempt at virtual marking fails as a matter of law to comply with the requirements of 35 U.S.C. § 287(a).

185.    Having failed to mark in compliance with 35 U.S.C. § 287(a), Barreto is entitled to a declaratory judgment that Toro cannot recover pre-notice damages even if Toro could establish infringement of any valid claim of the Disputed Patents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Barreto respectfully requests this Court to enter judgment in its favor against Toro, granting the following relief:

A.    A declaratory judgment that Barreto does not infringe and has not infringed any of the Disputed Patents;

B.    A declaratory judgment that each of the claims in the Disputed Patents is invalid;

C.    A declaratory judgment that since at least 2019 Toro failed to mark any patented article as required by 35 U.S.C. § 287(a);

COMPLAINT FOR DECLARATORY JUDGMENT                                    31

D.    A declaratory judgment that Toro cannot recover pre-notice damages for any infringement of any valid claim in any of the Disputed Patents;

E.    An order preliminarily enjoining and judgment permanently enjoining Toro and its agents, servants, officers, directors, employees, affiliated entities and all persons acting in concert or privity with it, from asserting any of the Disputed Patents against Barreto or otherwise accusing Barreto or its customers or end-users of infringing those patents;

F.    A declaration in favor of Barreto and against Toro that this is an exceptional case;

G.    Recovery of attorneys' fees and costs as allowed by governing statute, rule, or other legal authority; and

H.    Such other relief that Barreto is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, Barreto hereby demands a jury trial on all issues so triable in this action.

DATED: December 9, 2025

Respectfully submitted,

By: *s/ Todd M. Siegel*
**Scott E. Davis, OSB# 022883**
Email: scott.davis@klarquist.com
**Todd M. Siegel, OSB# 001049**
Email: todd.siegel@klarquist.com
**Samuel B. Thacker, OSB# 194636**
Email: samuel.thacker@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

*Attorneys for Plaintiff*
BARRETO MANUFACTURING, INC.